IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TRACY L. STORIE                                                    PLAINTIFF

        v.                              CIVIL NO. 06-3033

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                     DEFENDANT

## O R D E R

        Plaintiff, Tracy Storie, appealed the Commissioner's denial of benefits to this court.  On
May 21, 2007,  judgment was entered remanding plaintiff's case to the Commissioner pursuant to
sentence four of 42 U.S.C. § 405(g).  (Doc. # 9, 10).  Plaintiff now moves for an award of
attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"),
requesting compensation for 39.00 attorney hours for work before the court at an hourly rate of
$140.00 and $44.02 in costs for a total award of $5,504.02. (Doc. # 12-6).  The defendant has filed
a response, expressing no objection to this award.  (Doc. # 13).

**§ 406 Fees:**

        Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1).
We find this request is premature, in that there has been no submission of evidence indicating
plaintiff has been successful upon remand and has been awarded benefits from which an
appropriate fee may be paid.[2]  The fee awarded an attorney under 42 U.S.C. § 406 is paid out of

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo
Anne B. Barnhart as the defendant in this suit.

[2]We note that counsel consistently pleads for 406(b) as an alternative to his motion for EAJA fees.  As
we have repeatedly admonished counsel that his 406(b) requests are premature, counsel is advised to amend his
pleadings so that they are in proper form.

any past-due benefits to which the claimant is entitled.  See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

**EAJA:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the record, we find plaintiff is the prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing

2

party's litigation expenses incurred while contesting unreasonable government action. *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988)*.*  The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)*,* quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989).  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*

3

Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney's fees under the EAJA at a rate of $140.00 an hour. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan,* 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel has shown that he is entitled to an hourly rate of $140.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for a total of 2.25 hours of attorney work performed between May 31, 2006, and June 9, 2006. The Complaint was not filed in this court until June 12, 2006. (Doc. # 1). We note that time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker,* 728 F.2d 978, 988-89 (8th Cir. 1984). However, we do

4

note that some of the time submitted was clearly in preparation for the filing of the Complaint with this court and should be allowed.  Therefore, we will deduct .25 hour.

Likewise, counsel has requested a total of .25 hour for receiving and reviewing file marked copy of complaint; .75 for perfecting service on the complaint; .25 for preparing the tickler for the appeal brief; .50 for preparing tickler on denial; .25 for preparing the ticker on denial; .25 for preparing a letter to Gassville Garden enclosing medical records; .50 for preparing a letter to plaintiff; and, .25 for receiving and reviewing returned mail.  However, the court finds that these task could have been performed by support staff.  *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).  Therefore, these hours are not compensable under the EAJA. Therefore, 3.00 attorney hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel also seeks 0.50 hour on August 22, 2006; 1.50 on August 24, 2006; .25 on September 19, 2006; .75 on September 26, 2006; 1.00 on October 18, 2006; .75 on November 7, 2006; .75 on November 27, 2006; .50 on December 4, 2006; .25 on December 21, 2006; .75 on January 9, 2007; 1.00 on January 22, 2007; .25 on January 25, 2007; .25 on January 26, 2007; .25 on January 29, 2007; .25 on January 30, 2007; 1.00 on February 28, 2007; .25 on March 6, 2007; .25 on March 23, 2007; .25 on March 28, 2007; 1.00 on May 4, 2007; .25 on May 15, 2007; .25 on May 21, 2007; .25 on June 11, 2007; .25 on June 25, 2007; .25 on July 1, 2007; and, .25 on July 12, 2007, for communications with the administration and his client concerning the administrative proceedings.  None of the time submitted above appears to have been for work before this court. As stated above, work performed at the administrative level is

5

not compensable under the EAJA.  *See Cornella v. Schweiker*, 728 F.2d 978 at 988-89.  Work performed in administrative proceedings after remand is also not compensable.  *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988).  Accordingly, we deduct 13.25 hours from the total number of compensable hours sought.

Counsel has also requested .25 hour for reviewing the order of reference, .25 hour for receiving and reviewing the defendant's answer, and 2.00 hours of compensation for the preparation of his EAJA petition.  Therefore, the court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases this amount of time to perform.  *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore, we are deducting .80 hour from the total number of compensable hours sought.

Further, counsel seeks a total of 17.50 hours of compensation for client conferences.  We note, however, that counsel did not file an appeal brief in this matter.  In fact, counsel's time sheets seems to suggest that many of the client conferences were held with regard to the filing of plaintiff's second application for benefits and not the application that is presently before this court.  Accordingly we will reduce counsel's requested hours by 8.75 hours.

Finally, counsel seeks reimbursement for $44.02 in expenses incurred with regard to the postage.  Such expenses are recoverable under the EAJA and we find $44.02 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 12.95 (39.00-26.05) hours for attorney's fees, at the rate of $140.00 per hour and $44.02 in costs for a total attorney's fee award of $1857.02.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 20th day of August 2007.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)